[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 7, 2008
THOMAS K. KAHN
CLERK

-----------------------------------------

No. 07-15048
Non-Argument Calendar

-----------------------------------------

D.C. Docket  No. 07-00120-CR-WS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN LAKE,

Defendant-Appellant.

-------------------------------------------
Appeal from the United States District Court
for the Southern District of Alabama
-------------------------------------------

**(August 7, 2008)**

Before EDMONDSON, Chief Judge, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Defendant-Appellant Kevin Lake appeals his 365-month sentence after he

pled guilty to four counts of production and possession of child pornography, in

violation of 18 U.S.C. §§ 2251(a), 2252A(a)(5)(B).[1]  No reversible error has been shown; we affirm.

On appeal, Lake argues that the district court imposed an unreasonable sentence by placing too much weight on the Sentencing Guidelines and not considering adequately the factors in 18 U.S.C. § 3553(a).  We review Lake's sentence for reasonableness in the light of the factors set out in section 3553(a).  See United States v. Winingear, 422 F.3d 1241, 1244-46 (11th Cir. 2005).  And we evaluate the reasonableness of a sentence using a deferential abuse-of-discretion standard.  Gall v. United States, 128 S.Ct. 586, 597 (2007).[2]

Briefly stated, under section 3553(a), a district court should consider, among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to provide adequate deterrence, respect for the law, and protection of the public, policy statements of the Sentencing Commission, provision for the medical and educational needs of the defendant, and the need to avoid unwarranted sentencing disparities.  See 18

---

[1]The district court sentenced Lake to 120 months' imprisonment on each of the two production counts and 65 months' imprisonment and 60 months' imprisonment on the two possession counts, with the sentences to run consecutive to one another pursuant to U.S.S.G. § 5G1.2(d).

[2]The government asserts that Lake did not object to the sentence as unreasonable in the district court and we should review his present challenge only for plain error.  But we need not decide this issue because, even under a reasonableness standard, Lake's appeal fails.

U.S.C. § 3553(a)(1)-(7). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

We conclude that Lake's sentence was reasonable. The district court correctly calculated Lake's advisory Guidelines range at 262 to 365 months and sentenced him to the high point of that range.[3] See id. at 788 (noting that "ordinarily we would expect a sentence within the Guidelines range to be reasonable"). In addition, each of Lake's four counts of conviction carried a statutory maximum of 10 years' imprisonment; and his 365-month sentence is less than the 40-year maximum he could have received. See 18 U.S.C. §§ 2251(d) (1995)[4], 2252A(b)(2); Winingear, 422 F.3d at 1246 (comparing, as one indication of reasonableness, the actual prison term imposed against the statutory maximum).[5] Furthermore, the district court explained that it considered the information in the presentence investigation report and the parties' arguments and

---

[3]Lake did not object to -- nor does he presently contest -- the Guidelines' calculation.

[4]The 1995 version of the statute applies to Lake's offense because that is when he produced the pornographic images.

[5]Lake contends that his 365-month sentence is substantively unreasonable because it is more than 3 times the 10-year statutory maximum for each offense; but Lake fails to appreciate that he pled guilty to 4 offenses, each carrying a 10-year statutory maximum.

3

concluded that the section 3553(a) factors coincided with the Guidelines range. The court specifically considered Lake's prior history -- which included a prior state conviction for lewd and lascivious conduct on a child and a pending state charge for sexual abuse of an eight-year-old boy that led to the instant federal charges -- and the serious nature of his crimes. The district court's statement of reasons was sufficient. See United States v. Rita, 127 S.Ct. 2456, 2468-69 (2007) (a lengthy explanation is not necessarily required when a judge decides to follow the Guidelines in a particular case, especially where a sentencing judge has listened to the arguments of the parties, considered the supporting evidence, and was aware of the special conditions of the defendant).[6]

Based on the factors outlined in section 3553(a) and our review of the record, we conclude that Lake has not carried his burden of showing that his sentence was unreasonable.

AFFIRMED.

---

[6]Lake's argument that the district court gave unreasonable weight to the Guidelines is without merit and belied by the record. The district court clearly considered the section 3553(a) factors and the court can determine the appropriate weight to give the Guidelines after considering those factors. See United States v. Williams, 456 F.3d 1353, 1363 (11th Cir. 2006) cert. dismissed, 127 S.Ct. 3040 (2007), abrogated in part on different grounds by Kimbrough v. United States, 128 S.Ct. 558 (2007) (explaining that "[w]e will not substitute our judgment in weighing the relevant factors.").